FILOMENA HAMEL, Respondent, *v.* NICOLA D'ANDREA, Appellant, Impleaded with Others, Defendants.

Second Department, June 19, 1931.

*Walter J. A. Mack*, for the appellant.

*Benjamin C. Klores*, for the respondent.

TOMPKINS, J. The action is for the partition of real property. The complaint alleges that the plaintiff and her five brothers and sisters, named as defendants, are tenants in common of the real property described therein, which was owned by their mother, Nunzia D'Andrea, who died intestate, leaving her surviving, besides said children, her husband, the appellant herein. The complaint also alleges that the appellant, by a quitclaim deed dated January 10, 1905, conveyed his right of curtesy to one of his sons, namely, James D'Andrea, and his wife, Lucia D'Andrea.

The appellant's answer alleges:

" That any deed or instrument given by the defendant Nicola D'Andrea, as alleged in paragraph marked ' Sixth ' of the complaint was not a relinquishment of his right of curtesy, but an

assignment of his interest, given as security or convenience temporarily, and such interest as was given by the said Nicola D'Andrea to the said Vincent D'Andrea and Lucy Rose D'Andrea was returned and reassigned by them to the said defendant Nicola D'Andrea, and that the said Nicola D'Andrea has always had and now has an absolute life interest in the property, the subject *to* [*sic*] this partition, and said interest was never surrendered or relinquished at any time.

" IV. That the said Nicola D'Andrea has at all times exercised this interest openly and notoriously to the exclusion of any other person or party."

It will be observed that there is an error in the statement of the names of the grantees of this quitclaim deed in the paragraph of the answer just quoted. This is probably because the names there given as the grantees in the appellant's quitclaim deed were erroneously so stated in the complaint. The real grantees in said quitclaim deed were James D'Andrea and Lucia D'Andrea.

The plaintiff made a motion for the appointment of a receiver of the rents, issues and profits during the pendency of the action, which motion was granted, and from the order entered thereon this appeal was taken.

The affidavits in support of the motion alleged that the premises are improved with a building used as a restaurant, a gas station and a refreshment stand, and that the income from the restaurant and refreshment stand is about $150 per month; that two of the tenants in common are operating the gas station and collecting the rents from the tenants of the restaurant and refreshment stand, and that they are paying to the appellant the sum of $100 per month; that the full rental value of the premises is $415 per month and that the said two defendants in possession, sons of the appellant, are using the whole of said premises and receiving the proceeds therefrom for themselves and the appellant.

In opposition to the motion, the appellant's affidavit states that by the quitclaim deed of January 10, 1905, to his son James and wife, he did not relinquish his interest in the property as a life tenant by the curtesy, and that said quitclaim deed was given as security and for his convenience and protection as he was then threatened with a law suit; that thereafter his son James and wife, by a quitclaim deed dated January 12, 1905, conveyed his said son's interest in said property to the appellant, which deed was recorded on April 23, 1909; that on April 26, 1909, the appellant, by a bargain and sale deed, made another conveyance of his interest in said premises to his said son James, which contained the following reservation: " Subject, however, to the life estate of

Nicola D'Andrea. Nothing herein contained shall be construed as waiving or conveying the life interest or any part thereof which the said Nicola D'Andrea acquired and became vested of in the within-described premises by reason of the death of his wife, Nunzia D'Andrea, intestate."

The affidavit further states that in May, 1909, in an infancy proceeding to mortgage the premises, the referee found, and the court by its final order adjudged, that the appellant is entitled to a life interest in said premises. The appellant's affidavit also states that he erected the gas station on said premises, which he rented to two of his sons for $100 per month (this is supported by the affidavits of these sons), and further alleges that since his wife's death he has always been in possession of said premises, keeping the same in repair and renting the buildings and collecting the rent therefor.

The respondent claims that the conveyance by the appellant to his son James and wife by quitclaim deed on January 10, 1905, operated to extinguish and destroy his life estate and that it could not be restored to him, while the appellant says that said quitclaim deed was intended as a temporary assignment of the life estate for his convenience and protection, with the understanding that it would be reassigned to him, and that by the quitclaim deed of January 12, 1905, from his said son James and wife, he became reinvested with such life estate, and that, by his subsequent conveyance of 1909 to his son James by a bargain and sale deed, he reserved to himself such life estate. If the appellant has a life estate in said premises by right of curtesy, he is, of course, entitled to the exclusive possession of the premises, and a receiver in this action is not proper.

The respondent claims that the quitclaim deed from the appellant to his son James and wife was intended to complete his children's title, and that the grantee therein took the transfer for himself and as trustee for his minor brothers and sisters. Counsel for the respondent correctly states that the intention of the grantor must be construed from the language used by him in the deed. I can find nothing therein showing such an intent. The conveyance was not to James alone, but to James and his wife. That, in itself, would negative such a presumption, and, besides, there are no words in the deed creating a trust or indicating such an intention on the part of the grantor.

We think the respondent's claim that the quitclaim deed by the defendant, appellant, to his son James and wife worked a forfeiture of the appellant's curtesy estate is untenable. Had the appellant deeded his curtesy rights to all of his children and had

they entered into possession of the entire estate and retained title, the curtesy estate would be merged in the fee and thereby extinguished; but he did not do that; he deeded his curtesy rights to one son who was then the owner of a sixth undivided interest in the fee, and to his wife, both of whom subsequently conveyed their entire interest in the property to the appellant. The son and his wife, prior to their conveyance to the appellant, owned the life estate which had been conveyed to them by the appellant, consisting of the right to the entire use of the property during the life of the appellant, plus the son's one-sixth undivided interest in the fee; and the appellant, by his bargain and sale deed, reconveyed to James that one-sixth interest in the fee only, and reserved to himself the curtesy rights, which are a definite interest in the real property and which have existed ever since the death of the appellant's wife and will continue as long as the appellant lives unless there is a conveyance thereof by him with intent to divest himself of such interest.

It is our opinion that the appellant is still a life tenant by the curtesy and entitled to the exclusive possession of the premises, and that the order granting plaintiff's motion for the appointment of a receiver should be reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

LAZANSKY, P. J., YOUNG, KAPPER and SCUDDER, JJ., concur.

Order granting plaintiff's motion for the appointment of a receiver reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.